Filed 10/4/16  P. v. Son CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN KEITH SON,<br><br>        Defendant and Appellant. | C080110<br><br>(Super. Ct. No. NCR92949,<br>NCR93064, NCR93596) |

Pursuant to a negotiated disposition of three separate cases, defendant Brian Keith Son pled guilty to evading a peace officer with willful or wanton disregard for the safety of other persons or property, possession of methamphetamine for sale, and failure to appear while on bail.  He also admitted he had served three prior prison terms and had committed a felony while released on bail or his own recognizance.  The trial court sentenced defendant to an aggregate term of nine years four months in prison.

On appeal, defendant contends the trial court violated the terms of his plea agreement by sentencing him to prison instead of suspending his sentence and placing

1

him on probation.  We conclude the trial court erred, and therefore we reverse and remand the matter.

BACKGROUND

In June 2015, defendant entered into a written agreement to plead guilty to three felony charges and admit certain sentence enhancement allegations to resolve three separate cases.  In exchange for his pleas and admissions, the People agreed to dismiss the remaining charges.  In accordance with the plea agreement, the case was to be referred to the adult felon drug court (drug court) for consideration of defendant's eligibility for a substance abuse program.  Under the terms of the plea agreement, defendant would be sentenced to prison for nine years four months, unless he was accepted into the drug court program.  If he was accepted into the drug court program, the nine-year four-month-sentence would be suspended and defendant would be placed on probation.[1]  After confirming with the parties that this was the agreement and before accepting defendant's guilty pleas, the trial court asked defendant whether he understood that, "[W]hether or not you get drug court is solely up to the Judge."  Defendant responded in the affirmative.  However, neither the prosecutor nor defense counsel confirmed this was an element of the parties' agreement.[2]

Prior to the sentencing hearing, a drug court assessment was filed, indicating defendant had been accepted into the AFDC program.  The assessment stated defendant was a nonviolent repeat offender with underlying substance abuse issues.  It further stated

---

[1]    The written plea form stated:  "AFDC [drug court] Referral.  Stipulate To Prison Term Of 9y 4m, Suspended."

[2]    At the plea hearing, the trial court did not advise defendant pursuant to Penal Code section 1192.5; namely, that its approval of the parties' agreement is not binding, that it may later withdraw its approval of the agreement in light of further consideration of the matter, and that, if approval is withdrawn, he has the right to withdraw his guilty pleas.

2

defendant appeared to be suitable and eligible for participation in the program and could benefit from the structure of the program.

The probation officer recommended defendant be granted probation, with 120 days in county jail, and placed into the AFDC program pursuant to the terms of the stipulated plea agreement. At the initial sentencing hearing, the trial court determined defendant was not suitable for probation and the drug court program based on his prior record and the conduct underlying his current charges. The trial court re-referred the matter to the probation department for a supplemental report and recommendation on the appropriate prison term. In doing so, the trial court rejected defendant's argument that he was entitled to a suspended sentence because he was admitted into the drug court program, stating defendant was mistaken there was a stipulation to drug court and probation.

Following the initial sentencing hearing, defendant filed a motion to withdraw his guilty pleas, arguing he was promised probation and placement in the drug court program if he was accepted into the program. The trial court denied defendant's motion, finding he did not have good cause to withdraw his guilty pleas because he had agreed at the plea hearing that the sentencing judge was solely responsible for deciding whether he would "get drug court." Thereafter, the trial court sentenced defendant to an aggregate term of nine years four months in prison.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends the trial court violated the terms of his plea agreement by sentencing him to prison instead of suspending his sentence and placing him on probation.

"[T]he process of plea negotiation 'contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.] Pursuant to this procedure the defendant agrees to plead guilty . . . in order to obtain a reciprocal benefit,

3

generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged.' " (*People v. Segura* (2008) 44 Cal.4th 921, 929-930.)

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.] 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs. [Citation.] On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." [Citations.]' [Citations.] 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. [Citations.]' [Citations.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

"Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.] Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain . . . unless, of course, the parties agree." [Citation.]' [Citations.]" (*People v. Segura*, *supra*, 44 Cal.4th at p. 931.)

It has long been the rule that if the trial court disapproves of the negotiated disposition and seeks to modify it, the court must expressly tell the defendant he or she can withdraw the plea if the defendant is unwilling to accept the modified terms. (*People v. Johnson* (1974) 10 Cal.3d 868, 872 & fn. 3.) "The required explanation and

4

defendant's right to have his plea withdrawn apply both at the time of entering the plea and at sentencing." (*People v. Jackson* (1980) 103 Cal.App.3d 635, 638.) The trial court may not "unilaterally modify[ ] the terms of the bargain without affording . . . an opportunity to the aggrieved party to rescind the plea agreement and resume proceedings where they left off." (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1361; see *Jackson*, at p. 638 [a defendant must be permitted to withdraw his plea where the court makes a unilateral modification in the sentence agreed upon at the time of the plea].)

When the court errs by imposing a sentence exceeding that to which defendant had agreed, "relief may take any of three forms: a remand to provide the defendant the neglected opportunity to withdraw the plea; 'specific performance' of the agreement as made [citation]; or 'substantial specific performance,' meaning entry of a judgment that, while deviating somewhat from the parties' agreement, does not impose a 'punishment significantly greater than that bargained for.' " (*People v. Kim*, *supra*, 193 Cal.App.4th at p. 1362.) The preferred remedy is to permit a defendant to withdraw his plea and restore the proceedings to the original status quo. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 13-14.)

We conclude the trial court erred. As set forth above, prior to accepting defendant's guilty pleas, the trial court recited on the record the terms of the parties' plea agreement, expressly stating defendant had agreed to be sentenced to state prison for nine years four months, unless he was accepted into the drug court program. The court further stated if defendant was accepted into the drug court program, the plea agreement provided the nine-year four-month sentence would be suspended. The trial court inquired of the parties whether the court's statements were an accurate recitation of the agreement, and the parties responded affirmatively. The trial court later inquired of defendant whether he understood that whether he "got" drug court was solely up to the sentencing judge, and he responded affirmatively. However, nothing in the record indicates this was an element of the parties' plea negotiations and resulting written agreement.

5

The record does not clearly and unequivocally disclose the parties expressly agreed the trial court would retain discretion to sentence defendant to prison if he was accepted into the drug court program. The written plea agreement does not contemplate such an outcome. The plea agreement indicates the parties agreed to a stipulated sentence of either prison or probation, depending on whether defendant was accepted into the drug court program. Defendant did not initial the box in the plea agreement form indicating he agreed to an open plea in which he would not be granted probation unless the court found at the time of sentencing that this is an unusual case where the interests of justice would be best served by granting probation. At the plea hearing, defense counsel told the trial court the parties had agreed to a stipulated plea, not an open plea. The prosecutor clarified the parties had agreed to a stipulated plea with "a referral to [drug court]." In response, the trial court stated, "So let me get this straight: You have got nine [years], four [months]. And if he is accepted into AFDC [drug court], the nine [years], four [months] is suspended; if he is not, it is nine [years], four [months] and state prison." Both parties responded in the affirmative. While defendant indicated he understood that whether he "got" drug court was solely up to the trial judge, the trial court did not explain what it meant by this statement. The trial court did not confirm with the parties that it was their mutual intent for the court to exercise its sentencing discretion regarding defendant's suitability for probation in the event defendant was accepted into the drug court program. Nor did the trial court explain, and the parties agree, that its sentencing discretion regarding the placement of defendant on probation was a binding term of the plea agreement.

Further, the prosecutor did not argue the parties had expressly agreed the trial court would retain discretion to sentence defendant to prison if he was accepted into the drug court program. At the initial sentencing hearing, the prosecutor (who was not the same prosecutor who appeared at the plea hearing and signed the plea agreement), was silent on this issue. He did not argue the trial court's sentencing discretion was an

6

agreed-upon term of the agreement. Instead, he argued a prison term was appropriate because drug court is a "pretty light penalty" given defendant's conduct. In opposing defendant's motion to withdraw his guilty pleas, the prosecutor argued the trial court "clarified and stated that the decision as to whether or not Defendant would receive AFDC [drug court] was solely reserved for the Judge."

The prosecutor's arguments and the terms of the written plea agreement indicate the parties did not expressly or implicitly agree that the trial court's discretion to sentence defendant to prison was a bargained-for term of the agreement. Neither the written plea agreement nor the record from the plea hearing clearly discloses the parties contemplated sentencing proceedings in which the appropriate sentencing choice would stem from the exercise of sentencing discretion by the trial court. Rather, the record reflects, as defendant argued at sentencing, the parties entered into a stipulated plea, which required the trial court to suspend the agreed-upon sentence of nine years four months, grant probation, and place defendant in the drug court program if he was accepted into the program. If defendant was not accepted into the program, the stipulated plea required the trial court to sentence defendant to prison for nine years four months. To the extent the terms of the plea agreement were ambiguous based on the trial court's statement at the plea hearing regarding its discretion to place defendant in the drug court program, the ambiguity must be resolved in favor of defendant, because the proper focus is on what induced defendant to plead guilty. (*In re Timothy N.* (2013) 216 Cal.App.4th 725, 734.) Here, because defendant's understanding of the terms of the plea agreement is reasonable, it controls. (*Ibid.*)

The trial court had the authority to modify the parties' agreement if both parties expressly consented to the modification. However, the record does not reflect the parties actually intended to modify the plea agreement at the plea hearing. The trial court also had the authority to reject the parties' plea agreement at the plea hearing or accept the agreement and later withdraw its approval and deviate from the agreed-upon terms so

7

long as it allowed defendant the opportunity to withdraw his plea.  Its failure to follow these procedures was error.

## DISPOSITION

The judgment is reversed and this matter is remanded for further proceedings.  On remand, the trial court shall approve the agreed-upon stipulated sentence or offer the defendant an opportunity to withdraw his guilty pleas.  If defendant chooses to withdraw his pleas, the matter shall proceed as if no pleas had been entered.  If defendant declines the opportunity to withdraw his pleas, the court may impose the same sentence it previously imposed.


/s/_____
Robie, J.


We concur:


/s/_____
Raye, P. J.


/s/_____
Mauro, J.

8